Exhibit A

| | |
|---|---|
| **ADAMS COUNTY DISTRICT COURT**<br>**STATE OF COLORADO**<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED: November 30, 2023 4:38 PM<br>FILING ID: DA7048ED15B6B<br>CASE NUMBER: 2023CV31685 |
| Plaintiff(s): **HYRUM JAMES,**<br><br>v.<br><br>Defendant(s): **WALMART, INC., d/b/a WAL-MART, d/b/a WAL-MART SUPERCENTER, d/b/a/ WAL-MART MARKET, d/b/a WAL-MART NEIGHBORHOOD MARKET d/b/a WALMART SUPERCENTER #2752.** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff*:<br>Juliet Cornett, Esq., #43193<br>**The Paul Wilkinson Law Firm, LLC**<br>999 Jasmine St.<br>Denver, Colorado 80220<br>Telephone: (303) 333-7285<br>Facsimile: (303) 756-1878<br>juliet@pwlfllc.com | Case No.:<br><br>Div:<br><br>Ctrm: |
| **COMPLAINT** | |

COMES NOW Plaintiff, Hyrum James, by and through his attorneys, The Paul Wilkinson Law Firm, LLC, and brings this Complaint against Defendant Walmart, Inc. d/b/a Wal-Mart Supercenter d/b/a Wal-Mart Neighborhood Market d/b/a Walmart Supercenter #2752. As grounds therefore, Plaintiff states and alleges the following:

## INTRODUCTION

1. Plaintiff, Hyrum James (hereinafter "Plaintiff"), seeks compensatory damages arising under the Premises Liability Statute.

2. On or about January 25, 2022, Plaintiff was injured when he slipped and fell due to black ice in the parking lot in front of Walmart Supercenter #2752 located at 5990 Dahlia Street, Commerce City, CO 80022 (hereinafter "the Premises").

3. As a result of the subject incident on or about January 25, 2022, Plaintiff suffered economic damages, noneconomic damages, and physical impairment described herein.

4. Upon information and belief, the Premises was owned controlled, occupied, maintained and/or managed by Defendant Walmart, Inc. (hereinafter, "Defendant") on January 25, 2022.

## PERSONAL JURISDICTION

5. Pursuant to C.R.S. § 13-1-124 (West 2023), this Court has personal jurisdiction over the parties to this action as the alleged incident occurred on the premises owned, controlled, occupied, maintained, and/or managed by the Defendant in Colorado.

## SUBJECT MATTER JURISDICTION

6. Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2023), this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $25,000.00.

## VENUE

7. Pursuant to C.R.C.P. 98(c) (West 2019), venue is proper in Adams County District Court because Defendant conducts business in Adams County, Colorado.

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff was a resident of County of Denver, State of Colorado.

9. At all times material hereto, Defendant was a Delaware Foreign Corporation, licensed to conduct business in the State of Colorado.

10. At all times material hereto, Defendant's principal office street address was 702 SW 8th Street, Bentonville, AR 72716.

11. At all times material hereto, Defendant was registered with the Colorado Secretary of State.

12. At all times material hereto, Defendant's registered agent was CT Corporation Services, located at 7700 East Arapahoe Road, Suite #220, Centennial, CO 80112.

13. At all times material hereto, Defendant conducted business in the County of Adams, State of Colorado.

14. At all times material hereto, the Premises was located at 5990 Dahlia Street, Commerce City, CO 80022.

15. At all times material, Defendant owned the Premises.

16. At all times material hereto, Defendant maintained the Premises.

17. At all times material hereto, Defendant occupied the Premises.

18. At all times material hereto, Defendant managed the Premises.

19. In Colorado, a landowner has a non-delegable duty to protect invitees from unsafe conditions on their premises.

20. In Colorado, a landowner has a non-delegable duty to protect licensees from unsafe conditions on their premises.

21. In Colorado, a landowner is deemed to have constructive knowledge of unsafe conditions on their premises and is vicariously liable for injuries resulting therefrom, and their duty cannot be delegated.

22. On or about January 25, 2022, at approximately 6:30 p.m., Plaintiff was injured while on the Premises.

23. At that time, Plaintiff slipped on ice and fell on the Premises.

24. At that time, Plaintiff had parked in a well-lit area in the center of the parking lot on the Premises.

25. At that time and place, Plaintiff attempted to exit his vehicle by placing both feet on the ground.

26. At that time and place, the ground beneath Plaintiff's feet was covered in black ice.

27. At that time and place, Plaintiff was unable to see the black ice.

28. At that time and place, both of Plaintiff's feet slipped out from under him, causing him to fall on his back and hit his head on the concrete.

29. At that time and place, the black ice in the parking lot was not marked with a cone or caution sign and was located in the middle of Defendant's parking area.

30. At that time and place, Plaintiff suffered damages including economic damages, noneconomic damages, and physical impairment as a result of slipping on the black ice that was present in the parking lot on the Premises.

31. On or about that time, Plaintiff was using reasonable care for his own safety.

32. On or about that time, there were no signs warning of the dangerous condition that existed on the Premises.

33. On or about that time, Defendant knew or should have known about this dangerous condition on the Premises.

34. On or about that time, Defendant failed to safely maintain the Premises.

35. As a result of this incident, Plaintiff is entitled to compensation for his injuries, damages, and losses.

**FIRST CLAIM FOR RELIEF**
**(Premises Liability)**

36. Plaintiff incorporates the above and below paragraphs herein by reference.

37. Defendant was legally responsible for the activities conducted and circumstances that existed on the Premises at the time of the incident.

38. Defendant was a landowner of the Premises at the time of the incident pursuant to C.R.S. § 13-21-115(7)(b).

39. On January 25, 2022, Plaintiff was a licensee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant, defined in C.R.S. § 13-21-115(7)(c) as "a person who enters or remains on the land of another for the licensee's own convenience or to advance the licensee's own interests, pursuant to the landowner's permission or consent."

40. According to C.R.S. § 13-21-115(4)(b)(I)-(II), a licensee may only recover damages caused "… [b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner that the landowner actually knew about; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner that are not ordinarily present on property of the type involved and of that the landowner actually knew about."

41. On January 25, 2022, Plaintiff was an invitee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant.

42. An invitee is defined in C.R.S. § 13-21-115(7)(a) as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain."

43. According to C.R.S. § 13-21-115(4)(c)(I)-(II) "… an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew about or should have known about."

44. As a landowner, Defendant owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115, including a duty to inspect, maintain, and control the Premises so that hidden or latent conditions were rendered safe.

45. Additionally, Defendant owed Plaintiff a duty to prevent hazardous conditions on the Premises.

46. Additionally, Defendant owed Plaintiff a duty to correct hazardous conditions on the Premises.

47. Additionally, Defendant owed Plaintiff a duty to eliminate hazardous conditions on the Premises.

48. Additionally, Defendant owed Plaintiff a duty to warn of hazardous conditions on the Premises.

49. Defendant failed to meet their duties relative to the hazardous conditions existing in the Premises at the time of the subject incident.

50. Defendant failed to exercise reasonable care to protect against dangers of which they actually knew existed on the Premises at the time of the subject incident.

51. Defendant failed to exercise reasonable care to protect against dangers of which they should have known existed on the Premises at the time of the subject incident.

52. Defendant unreasonably failed to correct the hazardous condition on the Premises (i.e., the black ice in the parking lot), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

53. Defendant unreasonably failed to eliminate the hazardous conditions on the Premises (i.e., the black ice in the parking lot), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

54. As a direct, foreseeable, and proximate result of Defendant's statutory failures, Plaintiff sustained injuries, damages, and losses.

55. As a direct, foreseeable, and proximate result of Defendant's statutory failures, Plaintiff has suffered and will continue to suffer, including, but not limited to, the following:

a. Serious bodily injury;

b. Past and future economic expenses, losses, and damages including, but not limited to, medical and other health care rehabilitation expenses related to Plaintiff's injuries, wage loss, past and future loss of earnings, loss of earning capacity, and loss of time;

c. Past and future non-economic expenses, losses, and damages, including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life; and

d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

56. Additionally, as a direct, foreseeable, and proximate cause of Defendant's statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for his against Defendant in an amount to fairly and reasonably compensate Plaintiff for his injuries, damages, and losses as set forth above, including, but not limited to, economic damages, non-economic damages, physical impairments and disfigurement, property damage, loss of earnings and loss of future earnings, expert witness fees, statutory interest pursuant to Colorado law, and for other such relief as this Court deems just and proper.

Dated this 30th day of November, 2023.

**THE PAUL WILKINSON LAW FIRM, LLC**

*This pleading was filed electronically pursuant to Rule 121, § 1-26.*
*The original signed pleading is in counsel's file.*

By: */s/ Juliet Cornett*
Juliet Cornett, Esq., #43193
*ATTORNEY FOR PLAINTIFF*

**Plaintiff's Address:**
4210 Frazier Way, Unit #402
Denver, CO 80239